# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOVON C. DAVIS,

    Petitioner,                     Civil No. 2:18-CV-10391
                                          Hon. Terrence G. Berg

v.

WILLIS CHAPMAN,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This Court denied petitioner's application for a writ of habeas corpus and further denied him a certificate of appealability or leave to appeal *in forma pauperis*. *Davis v. Chapman*, No. 18-10391, 2019 WL 1923184, at *1 (E.D. Mich. Apr. 30, 2019).

Petitioner has now filed a motion for a certificate of appealability, ECF No. 15, and an application to proceed without prepaying fees and costs on appeal, ECF No. 14. Because the Court previously denied Petitioner a certificate of appealability and leave to appeal *in forma pauperis*, the Court will treat the pending motions as a motion for reconsideration. Petitioner has also filed a Notice of Appeal. ECF No. 12.

1

For the reasons that follow, the Court denies petitioner's motion for reconsideration. The Court orders that petitioner's motion for a certificate of appealability and the application to proceed without prepaying fees and costs on appeal to be transferred to the United States Court of Appeals for the Sixth Circuit.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.* The movant need not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. L.R. 7.1(h)(3). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *See Scozzari v. City of Clare,* 723 F. Supp. 2d 974, 981 (E.D. Mich. 2010).

This Court previously denied petitioner a certificate of appealability when it denied the petition for a writ of habeas corpus. The Court thus construes the motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability. *See e.g. Jackson v. Crosby,* 437 F.3d 1290, 1294, n. 5

(11th Cir. 2006). Likewise, because this Court previously denied petitioner leave to appeal *in forma pauperis*, the Court construes petitioner's application to proceed without prepaying fees and costs on appeal as a motion for reconsideration of the Court's prior order to deny him leave to appeal *in forma pauperis* in this case. *See Pettigrew v. Rapelje,* No. 2008 WL 4186271, *1 (E.D. Mich. Sept. 10, 2008).

Petitioner's motion for reconsideration presents issues that the Court already ruled upon when the Court denied the petition for a writ of habeas corpus and declined to issue a certificate of appealability or leave to appeal *in forma pauperis. See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

The proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for a writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F.3d 509 (6th Cir. 2001) (citing Fed. R. App. P. 22(b)(1)). Petitioner should direct his request for a certificate of appealability to the Sixth Circuit. The Court, in the interests of justice,

will order that the motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

Filing a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal divests this Court of jurisdiction to consider his request that he be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, the application would be more appropriately addressed to the Sixth Circuit.

For the foregoing reasons, the motion for reconsideration is **DENIED.** The Clerk of the Court is **ORDERED** to transfer the Motion for a Certificate of Appealability (ECF No. 15) and the Application to Proceed Without Prepaying Fees and Costs on Appeal (ECF No. 14) to

the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED.**

DATED June 7, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, June 7, 2019, by electronic and/or ordinary mail.

S/A. Chubb
Case Manager and Deputy Clerk